BENJAMIN B. WAGNER
United States Attorney
ANDRÉ M. ESPINOSA
ROSANNE L. RUST
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

**SEALED**
**FILED**
AUG 20 2015
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

2:15-CR-0176 TLN

| UNITED STATES OF AMERICA, | CASE NO. |
|---|---|
| Plaintiff, | 18 U.S.C. § 1029(b)(2) – Conspiracy to Commit Access Device Fraud; 18 U.S.C. § 1029(a)(2) – Use of Unauthorized Access Devices (9 Counts); 18 U.S.C. § 1029(a)(4) – Illegal Possession of Device Making Equipment; 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft; 18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 1029(c)(1)(C) – Criminal Forfeiture |
| v. | |
| BOONE B. KHOONSRIVONG, THONGCHONE VONGDENG, DAISY SYSENGRAT, VUTHIYA TIM, MEGHAN PARADIS, SEQUOIA VALVERDE, AMBER COLLINS, SOMALY SIV, and JAFFREY BROWN, | |
| Defendants. | |

## I N D I C T M E N T

<u>COUNT ONE</u>: [18 U.S.C. § 1029(b)(2) – Conspiracy To Commit Access Device Fraud]

The Grand Jury charges: T H A T

BOONE B. KHOONSRIVONG,
THONGCHONE VONGDENG,
DAISY SYSENGRAT,
VUTHIYA TIM,
MEGHAN PARADIS,
SEQUOIA VALVERDE,
AMBER COLLINS,
SOMALY SIV, and
JAFFREY BROWN,

defendants herein, as follows:

INDICTMENT 1

# I. BACKGROUND

At all times relevant to this Indictment:

1. Defendants BOONE B. KHOONSRIVONG, AMBER COLLINS, and SOMALY SIV resided in the same house on Princess Avenue in Stockton, California (the "Princess Home").

2. Defendants THONGCHONE VONGDENG, SEQUOIA VALVERDE, and JAFFREY BROWN resided in the same house on Portola Court in Stockton, California (the "Portola Home").

3. Defendants VUTHIYA TIM and MEGHAN PARADIS resided together in Stockton, California, and other locations.

4. Defendant DAISY SYSENGRAT resided in Stockton, California.

5. Target, Inc., ("Target") was a public corporation headquartered in Minneapolis, Minnesota, that operated approximately 1,700 retail stores throughout the United States, including in the Eastern District of California.

6. In addition to its retail stores, Target also operated an online retail business through which customers could make purchases using a computer or other electronic device capable of accessing the Internet by visiting Target's website Target.com.

7. Target also permitted TD Bank USA, N.A. ("TD Bank"), a Delaware corporation, to issue Target-branded credit cards, known as REDcards ("REDcards"), and Target accepted REDcards from customers as payment for goods offered at Target retail outlets or at Target.com.

8. Target customers who desired a REDcard could complete an application that required personal identification and financial information, and submit the application using an online interface at Target.com. Once an application was approved, a unique account number associated with only that applicant was assigned and delivered electronically to the customer. Thereafter, that account number was encoded onto a magnetic strip on a REDcard, which was issued to the customer. Customers could use their REDcard account numbers to purchase merchandise from Target by swiping their cards at a Target register or entering their account number to make purchases at Target.com.

# II. THE CONSPIRACY

9. From at least as early as in or about March 2014, up to and including in or about September 2014, in Sacramento County, State and Eastern District of California and elsewhere, the

defendants willfully and knowingly did combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to knowingly and with intent to defraud traffic in and use unauthorized access devices, namely, Target REDcard credit card account numbers, to obtain things of value aggregating $1,000 or more, in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(2) and (b)(2).

### III. OBJECT OF THE CONSPIRACY

10. It was the object of the conspiracy to use and traffic in unauthorized access devices for the purpose of financial gain by, among other means, making fraudulent Target REDcards with fraudulently obtained credit card account numbers and then using those fraudulent Target REDcards to purchase electronic equipment, pre-paid gift cards, and other things of value at Target stores located in the Eastern District of California and elsewhere.

### IV. MANNER AND MEANS

In furtherance of the conspiracy, the defendants and their co-conspirators employed the following ways and means, among others:

11. The defendants and their co-conspirators fraudulently acquired valid REDcard account numbers by stealing victims' personal identification information and using that information to complete and submit electronic applications to open REDcard accounts. The defendants then caused those fraudulent REDcard account numbers to be delivered to a member of the conspiracy.

12. The defendants and their co-conspirators fraudulently acquired additional valid REDcard account numbers by, among other means, generating a list of additional potential REDcard account numbers.

13. The defendants and their co-conspirators then used the REDcard account numbers, credit card device making equipment, and blank or altered cards with magnetic stripes to make fraudulent REDcards with magnetic stripes encoded with authentic Target REDcard account numbers.

14. To avoid detection at the point of sale, the defendants and their co-conspirators also encoded the magnetic stripes of the fraudulent REDcards they created with: (i) false account holder names, including their own names or aliases; (ii) an empty value or forward-slash; or (iii) other anonymizing entries, such as "Valued Customer," "Customer Valued," "Redcard," and "Gift Recipient."

15. The defendants and their co-conspirators then used the fraudulent REDcards to purchase merchandise, including electronic equipment, pre-paid gift cards, and other items at Target stores.

16. To make the in-store purchases, the defendants and their coconspirators would travel to Target stores individually or in small groups. In some cases, the defendants and their co-conspirators used fraudulent REDcards at the same Target stores within minutes of one another – sometimes using the same registers – and exited those stores together or separately within minutes of one another.

17. To test whether a fraudulent REDcard would be accepted at the point of sale, the defendants and their co-conspirators sometimes conducted test-purchases of low-cost merchandise. If the fraudulent REDcard was accepted, the conspirators used it again in the same and other Target stores to make more expensive purchases.

18. On various occasions during the conspiracy, the defendants and their co-conspirators attempted unsuccessfully to use one or more invalid or declined fraudulent REDcards to make purchases before they successfully completed those transactions with other fraudulent REDcards linked to valid account numbers.

19.. The defendants and their co-conspirators would also recycle some of the pre-paid gift cards they had purchased and used earlier in the conspiracy by encoding the magnetic stripe on the used gift cards with fraudulently obtained Target REDcard account numbers. This would convert the used gift cards into unauthorized access devices, which the defendants and their co-conspirators then used to make additional fraudulent purchases.

20. The defendants and their co-conspirators created and trafficked in fraudulent REDcards in the Princess Home and the Portola Home (together the "Princess and Portola Homes"). They also stored in the Princess and Portola Homes dozens of unauthorized access devices, including REDcard account numbers, as well as a variety of credit cards that were in the process of being converted into unauthorized access devices.

21. The defendants and their co-conspirators also maintained, accessed, and possessed in the Princess and Portola Homes stolen mail, device-making equipment, receipts from fraudulent purchases, and merchandise obtained by their fraud.

22. In addition to Target credit card account information, the defendants and their co-

conspirators maintained a collection of personal identification information in the Princess and Portola Homes. This information included earning statements, credit scores, driver licenses and Department of Motor Vehicle documents, Social Security numbers, and taxpayers' Internal Revenue Service filings, as well as credit, debit, and bank account information belonging to unknowing victims.

23. Between in or about March 2014 and in or about September 2014, the defendants completed more than 300 successful transactions using fraudulent REDcards. In all, over 300 unauthorized access devices were possessed, used, procured, and trafficked by members of the conspiracy in furtherance of the conspiracy. Over approximately 1,000 victims have been identified to date as having had their identities compromised as a result of the conspiracy.

## V.   OVERT ACTS

In furtherance of the conspiracy and in order to accomplish its objects, defendants committed the following acts in the Eastern District of California and elsewhere, among others:

24. On or about March 19, 2014, at approximately 7:07pm, at a Target store in Lodi, BOONE B. KHOONSRIVONG used an unauthorized access device in the form of REDcard account number xxxxxx8962, belonging to victim P.Y., to make a test purchase in the amount of approximately $3.07. On the same date, at approximately 7:16pm, BOONE B. KHOONSRIVONG used the same unauthorized access device in the same Target store to make purchases totaling approximately $256.49. The name encoded on the magnetic stripe of the unauthorized access device BOONE B. KHOONSRIVONG used during that transaction was "Rap Chameroun."

25. On or about March 23, 2014, at approximately 4:33pm, at a Target store in Manteca, SEQUOIA VALVERDE used an unauthorized access device in the form of REDcard account number xxxxxx5656, belonging to victim R.G., to make a test purchase in the amount of approximately $1.75. On the same date, at approximately 5:39pm, SEQUOIA VALVERDE used the same unauthorized access device in the same Target store to make purchases totaling approximately $474.12. After completing those purchases, SEQUOIA VALVERDE exited that Target store with BOONE B. KHOONSRIVONG. The name encoded on the magnetic stripe of the unauthorized access device SEQUOIA VALVERDE used that day was "Amber Collins."

26. On or about March 25, 2014, at approximately 9:49am, at a Target store in El Dorado

Hills, MEGHAN PARADIS used an unauthorized access device in the form of REDcard account number xxxxxx7222, belonging to victim M.T., to make purchases totaling approximately $422.74. During the transaction, VUTHIYA TIM stood at the register with MEGHAN PARADIS, and the two exited that Target store together. The name programmed on the magnetic stripe of the unauthorized access device MEGHAN PARADIS used that day was "Meghan Paridis."

27. On or about March 25, 2014, at approximately 9:57am, at a Target store in El Dorado Hills, VUTHIYA TIM used an unauthorized access device in the form of REDcard account number xxxxxx7222, belonging to victim M.T., to make purchases totaling approximately $247.72. The name programmed on the magnetic stripe of the unauthorized access device VUTHIYA TIM used that day was "Meghan Paridis."

28. On or about March 27, 2014, at approximately 8:13am, at a Target store in Modesto, an unauthorized access device in the form of REDcard account number xxxxxx6633, belonging to victim S.G., was used to make a test purchase in the amount of approximately $4.15. On the same date, at approximately 8:27am, BOONE B. KHOONSRIVONG used the same unauthorized access device in the same Target store to make purchases totaling approximately $331.66. The name encoded on the magnetic stripe of the unauthorized access device BOONE B. KHOONSRIVONG used during that transaction was "Boone Khoonsrivong."

29. On or about March 27, 2014, at approximately 9:17am, at a Target store in Modesto, BOONE B. KHOONSRIVONG used an unauthorized access device in the form of REDcard account number xxxxxx8989, belonging to victim N.J., to make purchases totaling approximately $481.82. The name encoded on the magnetic stripe of the unauthorized access device BOONE B. KHOONSRIVONG used during that transaction was "Dalee Chameroun."

30. On or about March 27, 2014, at approximately 8:16am, at a Target store in Modesto, AMBER COLLINS used an unauthorized access device in the form of REDcard account number xxxxxx8855, belonging to victim S.C., to make a test purchase in the amount of approximately $5.16. On the same date, at approximately 8:37am, AMBER COLLINS used the same unauthorized access device in the same Target store to make purchases totaling approximately $305.38. The name encoded on the magnetic stripe of the unauthorized access device AMBER COLLINS used that day was "Amber

Cunningham." On the same date, almost one hour later at approximately 9:18am, AMBER COLLINS used the same unauthorized access device at another Target store, also in Modesto, to make purchases totaling approximately $471.49.

      31.    On or about April 1, 2014, at approximately 3:23pm, at a Target store in Stockton, BOONE B. KHOONSRIVONG used an unauthorized access device in the form of REDcard account number xxxxxx8282, belonging to victim D.S., to make purchases totaling approximately $718.97. The name encoded on the magnetic stripe of the unauthorized access device BOONE B. KHOONSRIVONG used that day was "Bryan Oum."

      32.    On or about May 23, 2014, at approximately 7:37pm, at a Target store in Stockton, DAISY SYSENGRAT used an unauthorized access device in the form of REDcard account number xxxxxx7710, belonging to victim K.P., to make purchases totaling approximately $414.23. The name encoded on the magnetic stripe of the unauthorized access device DAISY SYSENGRAT used that day was "Sysen Donna."

      33.    On or about June 26, 2014, at approximately 5:04pm, at a Target store in Lodi, THONGCHONE VONGDENG used an unauthorized access device in the form of REDcard account number xxxxxx3774, belonging to victim L.Z., to make purchases totaling approximately $66.78. The name programmed on the magnetic stripe of the unauthorized access device THONGCHONE VONGDENG used that day was "Tim Vuthiya."

      34.    On or about June 26, 2014, at approximately 5:05pm, at a Target store in Lodi, VUTHIYA TIM used an unauthorized access device in the form of REDcard account number xxxxxx8377, belonging to victim S.H., to make purchases totaling approximately $145.99. The name programmed on the magnetic stripe of the unauthorized access device VUTHIYA TIM used that day was "Tim Vuthiya."

      35.    On or about June 26, 2014, at approximately 5:14pm, at a Target store in Lodi, MEGHAN PARADIS used an unauthorized access device in the form of REDcard account number xxxxxx8431, belonging to victim P.P., to make purchases totaling approximately $173.17. The name programmed on the magnetic stripe of the unauthorized access device MEGHAN PARADIS used that day was "Customer Valued."

36. On or about July 10, 2014, between at approximately 10:01pm and 10:04pm, at a Target store in Lodi, SEQUOIA VALVERDE used an unauthorized access device in the form of REDcard account number xxxxxx5557, belonging to victim P.C., to make three successive purchases totaling approximately $345.07. During the purchases, DAISY SYSENGRAT stood at the register with SEQUOIA VALVERDE and the two exited that Target store together. The name encoded on the magnetic stripe of the unauthorized access device SEQUOIA VALVERDE used that day was "Gift Recipient."

37. On or about July 18, 2014, between approximately 2:43pm and approximately 7:27pm, at two separate Target stores in Dublin, California, JAFFREY BROWN used five different unauthorized access devices in the form of REDcard account numbers, xxxxxx9223, xxxxxx9614, xxxxxx3322, xxxxxx5514, and xxxxxx3551, belonging, respectively, to victims A.C., K.S., W.A., A.O., D.G., for purchases totaling approximately $438. During the purchases at approximately 5:51pm, THONGCHONE VONGDENG stood at the register with JAFFREY BROWN, and the two exited both Target stores together. The name encoded on the magnetic stripes of each of the five unauthorized access devices JAFFREY BROWN used that day was "Customer Value."

38. On or about July 28, 2014, at approximately 3:09pm, at a Target store in Lodi, AMBER COLLINS used an unauthorized access device in the form of REDcard account number xxxxxx0156, belonging to victim M.F., to make purchases in the amount of approximately $487.03. The name programmed on the magnetic stripe of the unauthorized access device AMBER COLLINS used that day was "Misty Mcafee."

39. On or about August 8, 2014, at approximately 2:08pm, at a Target store in San Jose, California, SEQUOIA VALVERDE used an unauthorized access device in the form of REDcard account number xxxxx1937, belonging to victim G.G., to make purchases in the amount of approximately $420.36.

40. On or about August 9, 2014, at approximately 6:36pm, at a Target store in Lathrop, SOMALY SIV used an unauthorized access device in the form of REDcard account number xxxxxx0342, belonging to victim J.S., to make purchases totaling approximately $566.93. During the transaction, DAISY SYSENGRAT stood at the register with SOMALY SIV and attempted to pay for

1 the transaction by swiping a card that was declined. Thereafter, SOMALY SIV completed the
2 transaction and the two exited that Target store together. The name encoded on the magnetic stripe of
3 the unauthorized access device SOMALY SIV used that day was "Gift Recipient."
4       41. On or about August 24, 2014, SOMALY SIV sent to SEQUOIA VALVERDE two text
5 messages to which were attached two separate photographs of collections of REDcard account numbers.
6       42. On or about August 28, 2014, BOONE B. KHOONSRIVONG possessed at the Princess
7 Home access device-making equipment.
8       43. On or about August 28, 2014, BOONE B. KHOONSRIVONG possessed at the Princess
9 Home unauthorized access devices in the form of REDcard account numbers associated with valid
10 victim information encoded onto the magnetic stripes of altered cards.
11       44. On or about August 28, 2014, BOONE B. KHOONSRIVONG possessed at the Princess
12 Home pages of REDcard account numbers.
13       45. On or about August 28, 2014, SEQUOIA VALVERDE possessed at the Portola Home
14 approximately twenty prepaid Target gift cards.
15       46. On or about August 28, 2014, SEQUOIA VALVERDE possessed at the Portola Home
16 blank credit cards with magnetic stripes.
17       All in violation of Title 18, United States Code, Section 1029(b)(2).
18 COUNTS TWO THROUGH TEN: [18 U.S.C. § 1029(a)(2) – Use of Unauthorized Access Devices]
19       The Grand Jury further charges: T H A T

> BOONE B. KHOONSRIVONG,
> THONGCHONE VONGDENG,
> DAISY SYSENGRAT,
> VUTHIYA TIM,
> MEGHAN PARADIS,
> SEQUOIA VALVERDE,
> AMBER COLLINS,
> SOMALY SIV, and
> JAFFREY BROWN,

25 defendants herein, on or about the dates set forth below, in the State and Eastern District of California,
26 knowingly and with intent to defraud, used unauthorized access devices in the form of Target store
27 account numbers obtained with intent to defraud, and by such conduct, from in or about March 2014,
28 through in or about August 2014, each obtained things of value aggregating $1,000 or more during that

period, as enumerated below, with said use affecting interstate and foreign commerce:

| Count | Date(s) | Defendant | Target Account Numbers (Amounts) | Approximate Aggregate Value of Goods Obtained | Location(s) |
|---|---|---|---|---|---|
| 2 | 3/22/2014 | BOONE B. KHOONSRIVONG | xxxxxx9608 ($390.38) | $1,210.67 | Lodi |
|   | 4/1/2014 |   | xxxxxx8282 ($506.97) |   | Stockton |
|   | 7/15/2014 |   | xxxxxx8498 ($313.32) |   | Lodi |
| 3 | 6/23/2014 | THONGCHONE VONGDENG | xxxxxx8865 ($113.16) | $1,005.24 | Lodi |
|   | 6/26/2014 |   | xxxxxx3774 ($66.78) |   | Lodi |
|   | 7/24/2014 |   | xxxxxx8637 ($109.16) |   | Lathrop |
|   | 7/24/2014 |   | xxxxxx8580 ($69.83) |   | Lathrop |
|   | 7/29/2014 |   | xxxxxx4499 ($90.24) |   | Stockton |
|   | 8/4/2014 |   | xxxxxx9938 ($556.07) |   | Modesto |
| 4 | 5/23/2014 | DAISY SYSENGRAT | xxxxxx7710 ($414.23) | $1,270.82 | Stockton |
|   | 7/14/2014 |   | xxxxxx0598 ($444.31) |   | Lodi |
|   | 8/21/2014 |   | xxxxxx5565 ($412.28) |   | Lathrop |
| 5 | 3/25/2014 | VUTHIYA TIM | xxxxxx7222 ($247.72) | $1,058.42 | El Dorado Hills |
|   | 3/26/2014 |   | xxxxxx7222 ($229.46) |   | Stockton |
|   | 6/26/2014 |   | xxxxxx8377 ($145.99) |   | Lodi |
|   | 7/3/2014 |   | xxxxxx7753 ($113.16) |   | Lodi |
|   | 7/25/2014 |   | xxxxxx9548 ($216.09) |   | Elk Grove |
|   | 7/26/2014 |   | xxxxxx6859 ($106.00) |   | Davis |
| 6 | 3/24/2014 | MEGHAN PARADIS | xxxxxx6315 ($460.61) | $1,070.63 | Stockton |
|   | 3/25/2014 |   | xxxxxx7222 ($422.74) |   | El Dorado Hills |
|   | 7/3/2014 |   | xxxxxx3774 ($187.28) |   | Lodi |
| 7 | 3/23/2014 | SEQUOIA VALVERDE | xxxxxx5656 ($474.12) | $1,068.75 | Manteca |
|   | 7/10/2014 |   | xxxxxx5557 ($163.21) |   | Lodi |

| | | | | | |
|---|---|---|---|---|---|
| 1 | | 7/13/2014 | | xxxxxx5727 ($189.40) | | Lathrop |
| 2 | | 7/17/2014 | | xxxxxx6976 ($242.02) | | Lathrop |
| 3 | 8 | 7/28/2014 | AMBER COLLINS | xxxxxx0156 ($487.03) | $1,004.10 | Lodi |
| 4 | | 7/28/2014 | | xxxxxx5999 ($42.01) | | Lathrop |
| 5 | | 7/30/2014 | | xxxxxx5999 ($42.56) | | Tracy |
| 6 | | 8/12/2014 | | xxxxxx2046 ($246.24) | | Lathrop |
| 7 | | 8/12/2014 | | xxxxxx5046 ($186.26) | | Lathrop |
| 8 | 9 | 8/5/2014 | SOMALY SIV | xxxxxx9650 ($286.61) | $1,292.10 | Stockton |
| 9 | | 8/6/2014 | | xxxxxx7805 ($544.06) | | Modesto |
| 10 | | 8/6/2014 | | xxxxxx9814 ($461.43) | | Modesto |
| 11 | 10 | 3/19/2014 | JAFFREY BROWN | xxxxxx6351 ($365.25) | $1,282.37 | Stockton |
| 12 | | 3/19/2014 | | xxxxxx5132 ($405.86) | | Lodi |
| 13 | | 3/23/2014 | | xxxxxx8423 ($511.26) | | Stockton |

in violation of Title 18, United States Code, Section 1029(a)(2).

COUNT ELEVEN: [18 U.S.C. § 1029(a)(4) – Illegal Possession of Device-Making Equipment]

The Grand Jury further charges: THAT

BOONE B. KHOONSRIVONG,

defendant herein, on or about August 28, 2014, in the State and Eastern District of California, knowingly and with intent to defraud, had control and custody of and possessed certain "device-making equipment" designed and primarily used for making an access device or counterfeit access device, to wit: an MSR 606 magnetic stripe card reader/writer, with said control, custody, and possession affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(4).

COUNT TWELVE: [18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft]

The Grand Jury further charges: THAT

BOONE B. KHOONSRIVONG,

defendant herein, on or about August 19, 2014, through August 26, 2014, in the State and Eastern District of California, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is, the name, date of birth, social security number, and an access

device account number of a real person, E.T., to commit a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit 18 U.S.C. § 1029(a)(2), knowing that the means of identification belonged to another actual person, all in violation of Title 18, United States Code, Section 1028A(a)(1).

FORFEITURE ALLEGATION: [18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 1029(c)(1)(C) – Criminal Forfeiture]

1. Upon conviction of one or more of the offenses alleged in Counts One through Eleven of this Indictment, defendants BOONE B. KHOONSRIVONG, THONGCHONE VONGDENG, DAISY SYSENGRAT, VUTHIYA TIM, MEGHAN PARADIS, SEQUOIA VALVERDE, AMBER COLLINS, SOMALY SIV, and JAFFREY BROWN shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting or derived from proceeds obtained directly or indirectly, as a result of said violations, including but not limited to the following:

   a. A sum of money equal to the amount of proceeds obtained directly or indirectly, as a result of such offenses, for which defendants are convicted.

2. Upon conviction of one or more of the offenses alleged in Counts One through Eleven of this Indictment, defendants BOONE B. KHOONSRIVONG, THONGCHONE VONGDENG, DAISY SYSENGRAT, VUTHIYA TIM, MEGHAN PARADIS, SEQUOIA VALVERDE, AMBER COLLINS, SOMALY SIV, and JAFFREY BROWN shall forfeit to the United States, pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offenses, including but not limited to:

   a. Metro PCS/Huawei Model M931 cellular phone, black with a cracked screen, serial number: F4G29D1342417146;
   b. Acer Chromebook computer, serial number: nxsheaa002416002597600;
   c. Kyocera cellular phone, serial number: v65c5133;
   d. Samsung cellular phone, serial number: r31d20evfde;
   e. AT&T cellular phone, serial number: 327b414247a;
   f. Samsung galaxy cellular phone, serial number: r38f206jr1e
   g. iPad tablet computer, serial number: dlxmq7mcfk11;
   h. Acer laptop computer, serial number: nxm2haa007236006e0160;1

i. Dell laptop computer, serial number: 13661154469;

j. Epson printer, serial number: sn5y092386;

k. Samsung printer, serial number: zevpb8kf4c00qsf;

l. Credit card reader/writer MSR606 (serial number not visible);

m. iPhone cellular phone, model a1533, serial number: imei013988002936855;

n. Lenova computer, serial number cp22490519;

o. Asus computer, serial number: esn0bc225782227;

p. iPhone cellular phone, serial number: bcge2642a;

q. HP all in one personal computer, serial number: 3cr3430fd8;

r. Samsung tablet computer, serial number: r52f6022tdf;

s. iPhone cellular phone, black, serial number: bcga1241;

t. Acer computer, serial number: nxmnzaa0044200312b3400;

u. iPad tablet computer, serial number: f4qmvb6zflmq;LG tablet znfv410;

v. Samsung galaxy S5 cellular phone, serial number: r38f40yxmkr;

w. Nokia phone, serial number 353045061498448;

x. Samsung tablet computer, rf2f210rvry;

y. Acer computer, serial number: nxmkeaa001416036ff7600;

z. HP laptop computer, serial number: cnu63326pn;

aa. iPod touch device, serial number: ccqn3ac7fmjf;

bb. iPod device, serial number: ccqmx2dxfmjf;

cc. Lexmark printer/copier, serial number: 15450911645;

dd. iPhone 4 cellular phone, white and cracked on front and back, with a white and pink case, serial number not recorded;

ee. iPhone cellular phone with cracked back plate and Mophie battery pack, serial number not recorded;

ff. Numerous credit cards, gift cards, access devices and financial and personal documents belonging to others and used in the scheme to defraud;

gg. The value, i.e., balance of funds, in each of the seized pre-paid gift cards debit cards.

3. If any property subject to forfeiture as a result of the offenses alleged in Counts One through Eleven of this Indictment, for which defendants are convicted:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §§ 982(b)(1) and 1029(c)(1)(C)(2), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants, up to the value of the property subject to forfeiture.

A TRUE BILL.

**/s/ Signature on file w/AUSA**
FOREPERSON

BENJAMIN B. WAGNER
United States Attorney

INDICTMENT

14

<u>United States v. Boone B. Khoonsrivong, et al.</u>
**Penalties for Indictment**

| | |
|---|---|
| **<u>Defendants</u>** | **BOONE B. KHOONSRIVONG, THONGCHONE VONGDENG, DAISY SYSENGRAT, VUTHIYA TIM, MEGHAN PARADIS, SEQUOIA VALVERDE, AMBER COLLINS, SOMALY SIV, JAFFREY BROWN** |
| **<u>COUNT 1</u>:** | **ALL DEFENDANTS** |
| VIOLATION: | 18 U.S.C. § 1029(b)(2) – Conspiracy to Commit Access Device Fraud |
| PENALTIES: | Up to 5 years in prison; or<br>Fine of up to $250,000; or both fine and imprisonment<br>Supervised release of up to 3 years |

SPECIAL ASSESSMENT: $100 (mandatory on each count)

| | |
|---|---|
| **<u>COUNT 2</u>:** | **BOONE B. KHOONSRIVONG** |
| VIOLATION: | 18 U.S.C. § 1029(a)(2) – Use of Unauthorized Access Devices |
| PENALTIES: | Up to 10 years in prison; or<br>Fine of up to $250,000; or both fine and imprisonment<br>Supervised release of up to 3 years |

SPECIAL ASSESSMENT: $100 (mandatory on each count)

| | |
|---|---|
| **<u>COUNT 3</u>:** | **THONGCHONE VONGDENG** |
| VIOLATION: | 18 U.S.C. § 1029(a)(2) – Use of Unauthorized Access Devices |
| PENALTIES: | Up to 10 years in prison; or<br>Fine of up to $250,000; or both fine and imprisonment<br>Supervised release of up to 3 years |

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 4:**     **DAISY SYSENGRAT**

VIOLATION:     18 U.S.C. § 1029(a)(2) – Use of Unauthorized Access Devices

PENALTIES:     Up to 10 years in prison; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 5:**     **VUTHIYA TIM**

VIOLATION:     18 U.S.C. § 1029(a)(2) – Use of Unauthorized Access Devices

PENALTIES:     Up to 10 years in prison; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 6:**     **MEGHAN PARADIS**

VIOLATION:     18 U.S.C. § 1029(a)(2) – Use of Unauthorized Access Devices

PENALTIES:     Up to 10 years in prison; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 7:**     **SEQUOIA VALVERDE**

VIOLATION:     18 U.S.C. § 1029(a)(2) – Use of Unauthorized Access Devices

PENALTIES:     Up to 10 years in prison; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 8:**        **AMBER COLLINS**

VIOLATION:        18 U.S.C. § 1029(a)(2) – Use of Unauthorized Access Devices

PENALTIES:        Up to 10 years in prison; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)


**COUNT 9:**        **SOMALY SIV**

VIOLATION:        18 U.S.C. § 1029(a)(2) – Use of Unauthorized Access Devices

PENALTIES:        Up to 10 years in prison; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)


**COUNT 10:**        **JAFFREY BROWN**

VIOLATION:        18 U.S.C. § 1029(a)(2) – Use of Unauthorized Access Devices

PENALTIES:        Up to 10 years in prison; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)


**COUNT 11:**        **BOONE B. KHOONSRIVONG**

VIOLATION:        18 U.S.C. § 1029(a)(4) – Illegal Possession of Device-Making Equipment

PENALTIES:        Up to 15 years in prison; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 12:**     **BOONE B. KHOONSRIVONG**

VIOLATION:     18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft

PENALTIES:     2 years in prison, consecutive to any other sentence except any additional sentence imposed at the same time under § 1028A

**FORFEITURE ALLEGATION:**

VIOLATION:     18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 1029(c)(1)(C)

PENALTIES:     As stated in the charging document

No. _____

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

### THE UNITED STATES OF AMERICA
vs.
BOONE B. KHOONSRIVONG,
THONGCHONE VONGDENG,
DAISY SYSENGRAT,
VUTHIYA TIM,
MEGHAN PARADIS,
SEQUOIA VALVERDE,
AMBER COLLINS,
SOMALY SIV,
JAFFREY BROWN

## I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 1029(b)(2) – Conspiracy to Commit Access Device Fraud;
18 U.S.C. § 1029(a)(2) – Use of Unauthorized Access Devices (9 Counts);
18 U.S.C. § 1029(a)(4) – Illegal Possession of Device Making Equipment;
18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft;
18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 1029(c)(1)(C) – Criminal Forfeiture

*A true bill,*

**/s/ Signature on file w/AUSA**
_____
*Foreman.*

*Filed in open court this* _____ *day*

*of* _____, *A.D.* 20 _____

_____
*Clerk.*

Bail, $ **NO BAIL WARRANT PENDING HEARING** - All Defendants

- Boone Khoonsrivong
- Thongchone Vongdeng
- Daisy Sysengrat
- Vuthiya Tim
- Meghan Paradis
- Sequoia Valverde
- Amber Collins
- Somaly Siv
- Jaffrey Brown

GPO 863 525